1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11
12
13
14
15
16

| | |
|---|---|
| BILLY ABREGO OLEA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHIPOTLE MEXICAN GRILL, INC., a foreign limited liability company; CHIPOTLE SERVICES, LLC, a foreign limited liability company; CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, a foreign limited liability company; and DOES 1-20, as yet unknown Washington entities.<br><br>Defendants. | Case No. 2:24-cv-1643<br><br>**NOTICE OF REMOVAL**<br><br>**28 U.S.C. § 1446** |

17
18

TO:           Clerk of the Court

AND TO:       Plaintiff and his Counsel of Record:

19      PLEASE TAKE NOTICE that, for reasons set forth below, Defendants CHIPOTLE

20  MEXICAN GRILL, INC., CHIPOTLE SERVICES, LLC, and CHIPOTLE MEXICAN GRILL

21  OF COLORADO, LLC (collectively "Defendants'"), through their undersigned counsel, hereby

22  remove the above-captioned matter from the Superior Court of the State of Washington for King

23  County to the United States District Court for the Western District of Washington.

24      This Court has original subject matter jurisdiction over Plaintiff's claims under 28 U.S.C.

25  §§ 1332(d), 1441, 1453 and 1446, because this is a class action, minimal diversity exists and the

26  amount in controversy exceeds $5,000,000. Accordingly, removal is proper for the reasons

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

explained more fully below.

## I.      PROCEDURAL BACKGROUND

1.      On or about September 5, 2024, Plaintiff Billy Abrego Olea commenced this action against Defendants in the Superior Court of the State of Washington for King County, Case No. 24-2-20130-1 SEA. Defendants were served with the Complaint on September 9, 2024. *See* Declaration of Anthony Todaro ("Todaro Decl."), ¶ 2. A copy of Plaintiff's Complaint filed in this action in the Superior Court of the State of Washington for King County is attached hereto as **Exhibit A** (the "Complaint"). A copy of all other process, pleadings, papers, and orders filed in this action in the Superior Court of the State of Washington for King County are attached hereto as **Exhibit B**. This notice of removal is timely under 28 U.S.C. § 1446(b) because it was filed within 30 days after service. 28 U.S.C. § 1446(b)(1); *see also Edman v. Kindred Nursing Ctrs. W. LLC*, No. C14-1280 MJP, 2014 WL 11072013, at *1 (W.D. Wash. Nov. 19, 2014) (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005)).

2.      Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings and documents filed in the state court action are being filed concurrently with this notice. These documents consist of:

| Sub Number | Description |
|:---:|:---|
| 1 | Complaint |
| 2 | Case Information Cover Sheet |
| 3 | ORSCS – Order Setting Case Schedule - Civil |
| 4 | Summons |
| 5 | Affidavit / Declaration / Certificate Of Service - Served |
| 6 | Affidavit / Declaration / Certificate Of Service - Served |
| 7 | Affidavit / Declaration / Certificate Of Service - Served |
| 8 | Notice of Appearance – DEFENDANTS |
| 9 | Affidavit / Declaration / Certificate of Service |

3.      Plaintiff, on behalf of himself and others similarly situated, brings a class action Complaint alleging that Defendants violated RCW 49.58.110, Washington's pay transparency

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

statute. Defendants deny that they owe anything by the Complaint but treat the Complaint as true for purposes of this Notice of Removal only.

4.     The Superior Court of the State of Washington for King County is located within the Western District of Washington. 28 U.S.C. § 128(b). Venue is therefore proper in this Court under 28 U.S.C. § 1441(a).

5.     A true and complete copy of this Notice of Removal is being served on Plaintiff, through counsel, and a Notice of Filing of the Notice of Removal is being filed with the clerk of the Superior Court of the State of Washington for King County. *See* 28 U.S.C. § 1446(d).

6.     Defendants have not taken any action to submit the merits of their defenses for a binding decision from the Superior Court of the State of Washington for King County, nor have they otherwise waived their right to remove this action.

7.     By removing the action to this Court, Defendants do not waive any defenses, objections, or motions available to them under state and federal law, nor do Defendants concede that Plaintiff has stated any claim upon which relief may be granted.

## II.     THIS COURT HAS JURISDICTION UNDER CAFA

8.     Under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), this Court has original jurisdiction of this matter. CAFA provides that federal district courts shall have original jurisdiction over class actions where the number of proposed class members is 100 or greater, any member of the putative class of plaintiffs is a citizen of a state different from that of any defendant, and the aggregate amount in controversy for all putative class members exceeds $5 million (exclusive of interests and costs). 28 U.S.C. §§ 1332(d)(2), (d)(5)(B); *Abrego Abrego v. The Dow Chem. Co*., 443 F.3d 676 (9th Cir. 2006). These jurisdictional requirements are satisfied in this action.

### a.  Minimal Diversity Exists

9.     CAFA only requires minimal diversity of purposes of establishing federal jurisdiction; at least one purported class member must be a citizen of a state different from the named defendant. 28 U.S.C. §§ 1332(d)(20(A). Here, such minimal diversity exists among the

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

parties. Plaintiff is a citizen of Washington State, which is different from Defendant Chipotle Mexican Grill, Inc. *Declaration of Chipotle Mexican Grill, Inc. In Support of Notice of Removal ("Chipotle Decl."), ¶ 3-4.*

10.     For purposes of determining diversity, a person is a "citizen" of the state in which they are domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must . . . be domiciled in the state"). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is prima facie the domicile." (citations omitted)). Domicile for purposes of diversity is determined as of the time the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

11.     Plaintiff alleges that he is a resident of King County, Washington. *See* Complaint, ¶ 15. For removal purposes, he is considered a citizen of Washington.

12.     For purposes of establishing diversity jurisdiction under CAFA, a corporation is considered a citizen of the state by which it has been incorporated and the state where it has a principal place of business. *See* 28 U.S.C. § 1332(c)(1).

13.     Defendant Chipotle Mexican Grill, Inc. is a Delaware corporation with its principal place of business in Newport Beach, California. Chipotle Decl., ¶ 3-4. Accordingly, for purposes of removal, Defendant Chipotle Mexican Grill, Inc. is considered an out of state citizen.

14.     Because Plaintiff is a resident of Washington and Defendant Chipotle Mexican Grill, Inc. is an out-of-state entity, the minimum diversity requirement under CAFA is satisfied.

b.     **This Action Involves 100 or More Putative Class Members**

15.     Plaintiff purports to represent "dozens" of potential class members who applied for a job with Defendants in the State of Washington from January 1, 2023 to the present where job postings did not disclose a wage scale or salary range. *See* Complaint, ¶¶ 42, 44.

16.     During the alleged class period, based on the allegations in Plaintiff's Complaint, there are more than 1,000 job applications for positions within the state of Washington that potentially fit the purported claims at issue. Chipotle Decl., ¶ 7. Thus, the 100-person minimum

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

1    threshold for CAFA purposes is greatly exceeded in this instance.

2              c.    **The Amount in Controversy Meets the CAFA Threshold**

3        17.    CAFA requires that the amount in controversy exceed $5,000,000, exclusive of

4    interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of the individual members in

5    a class action are aggregated to determine if the amount in controversy exceeds the sum or value

6    of $5,000,000. 28 U.S.C. § 1332(d)(6). In addition, Congress intended for federal jurisdiction to

7    be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from

8    the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief

9    sought (e.g., damages, injunctive relief, or declaratory relief)." *Senate Judiciary Committee*

10   *Report*, S. Rep. No. 109-14, at 42 (2005). As recently noted by the Ninth Circuit Court of Appeals,

11   the Supreme Court has made clear that "no antiremoval presumption attends cases invoking

12   CAFA." (citation omitted.) *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 922 (9th Cir. 2019).

13   Moreover, any doubts regarding the maintenance of interstate class actions in state or federal court

14   should be resolved in favor of federal jurisdiction. S. Rep. No. 109-14 at 42-43 ("[I]f a federal

15   court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in

16   the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising

17   jurisdiction over the case…Overall, new section 1332(d) is intended to expand substantially

18   federal court jurisdiction over class actions. Its provision should be read broadly, with a strong

19   preference that interstate class actions should be heard in a federal court if properly removed by

20   any defendant").

21       18.    Although Defendants expressly deny any liability for the claims alleged in the

22   Complaint, Defendants have a good faith reason to believe that the amount in controversy exceeds

23   the jurisdictional threshold of $5,000,000. All calculations in support of the amount in controversy

24   analysis are based on the allegations in Plaintiff's Complaint and are not intended as an admission

25   that any of these allegations have merit.

26       19.    Where, as here, damages are not specified in the Complaint, the defendant's notice

of removal "need not contain evidentiary submissions," but "only a plausible allegation that the

DLA Piper LLP (US)
                                              701 Fifth Avenue, Suite 6900
                                              Seattle, WA  98104-7044 | Tel: 206.839.4800

amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549 (2014) (citing 28 U.S.C. § 1446(a)). Because Plaintiff has not alleged his particular damages, reasonable estimates of the alleged amount in controversy are appropriate. *Arias*, 936 F.3d at 925 ("a removing defendant is permitted to rely on 'a chain of reasoning that includes assumptions'"; for example, an assumption "may be reasonable if it is founded on the allegations of the complaint"), *quoting Ibarra v. Manheim Inv.'s, Inc*., 775 F.3d 1193, 1198 (9th Cir. 2015).

20.     In determining the amount in controversy, the Court must consider the recovery sought, including penalties, as well as recoverable statutory attorneys' fees. *Arias*, 936 F.3d at 927 (confirming "attorneys' fees awarded under fee-shifting statutes … are included in the amount in controversy"), *quoting Fritsch v. Swift Transp. Co. of Ariz*., LLC, 899 F. 3d 785, 794 (9th Cir. 2018); *see also Longmire v. HMS Host USA, Inc*., No. 12cv2203 AJB (DHB), 2012 WL 5928485, at *9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over the amount in controversy under CAFA."); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (finding that claims for statutory attorneys' fees should be included in amount in controversy, regardless of whether award is discretionary or mandatory).

21.     The burden of establishing the jurisdictional threshold "is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp*., 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (internal quotations omitted); *see also Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1117 (9th Cir. 2004) ("[T]he parties need not predict the trier of fact's eventual award with one hundred percent accuracy.").

22.     The amount in controversy is determined at the time of removal and is to be decided based on the allegations in the operative leading. *Medrano v. Genco Supply Chain Sols.*, No. 1:10-cv-01555-LJO-SKO, 2011 WL 92016, at *11 (E.D. Cal. Jan. 11, 2011) (holding that, for purposes of removal, a court "must deal with what has actually been pled").

23.    Plaintiff's Complaint seeks relief on behalf of all individuals who applied to a job opening with Defendants in Washington that did not disclose a wage scale or salary range between January 1, 2023 and the present. Complaint, ¶ 42.

24.    Given that there are more than 1,000 applicants, and RCW 49.58.070 provides for presumed damages of at least $5,000 per applicant, presumed damages exceed $5,000,000.

25.    The amount in controversy exceeds CAFA's $5,000,000 threshold, even without considering attorneys' fees.

26.    The Complaint also alleges that Plaintiff and putative class members are entitled to recover attorneys' fees and costs pursuant to RCW 49.58.070(1). Complaint, ¶ 59. A reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy. *Arias*, 936 F.3d at 927 (9th Cir. 2019) (confirming "attorneys' fees awarded under fee-shifting statutes … are included in the amount in controversy"), *quoting Fritsc*h, *supra*, 899 F. 3d at 794; see also Galt G/S, supra, 142 F.3d at 1156 ("[w]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy").

27.    "When including attorneys' fees within the amount-in-controversy for jurisdictional purposes, courts in this circuit consistently use the 25% benchmark rate." *Johnson v. Tractor Supply Co.*, No. 19-cv-0270, 2019 WL 2004436, at *3 (W.D. Wash. May 7, 2019) *quoting Garcia v. Lifetime Brands, Inc.*, No. EDCV 15-1924-JLS (SPX), 2016 WL 81473, at *4 (C.D. Cal. Jan. 7, 2016); *see also Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *28-29 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case).

28.    Accordingly, at least another $1,250,000 is placed into controversy in this action by virtue of Plaintiff's demand for attorneys' fees using the standard 25% rate.

29.    Thus, although Chipotle denies Plaintiff's allegations that Plaintiff or any putative class member is entitled to the relief sought in the Complaint, the total amount in controversy

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

1    exceeds the $5,000,000 threshold set forth in 28 U.S.C. section 1332(d)(2).

2    ## **PRAYER FOR RELIEF**

3            WHEREFORE, Defendants pray that the above-referenced action now pending in the

4    Superior Court of the State of Washington for King County be removed therefrom in its entirety

5    to this Court, as provided by law, and pursuant to 28 U.S.C. § 1446(d), that the Superior Court of

6    the State of Washington for King County proceed no further unless and until the case is remanded.

7

8            Dated this 9th day of October, 2024.

9                                                DLA PIPER LLP (US)

10                                               By: *s/ Anthony Todaro*
                                                 Anthony Todaro, WSBA No. 30391
11                                               *s/ Alexandria Cates*
                                                 Alexandria Cates, WSBA No. 53786
12                                               701 Fifth Avenue, Suite 6900
                                                 Seattle, Washington 98104-7029
13                                               Tel:     206.839.4800
                                                 E-mail:  anthony.todaro@us.dlapiper.com
14                                               E-mail:  alexandria.cates@us.dlapiper.com

15
                                                 *Attorneys for Defendants CHIPOTLE*
16                                               *MEXICAN GRILL, INC., CHIPOTLE*
                                                 *SERVICES, LLC, and CHIPOTLE MEXICAN*
17                                               *GRILL OF COLORADO, LLC*

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## **<u>VERIFICATION</u>**

Pursuant to Western District of Washington Local Rule 101(c), the undersigned counsel for Defendants' CHIPOTLE MEXICAN GRILL, INC., CHIPOTLE SERVICES, LLC, and CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, hereby verifies that the pleadings and other documents attached hereto are true and correct copies of the pleadings and documents in the state court proceeding. I declare under penalty of perjury that the foregoing is true and correct.

Executed at Seattle, Washington, this 9th day of October, 2024.

*s/ Anthony Todaro*
Anthony Todaro, WSBA No. 30391

NOTICE OF REMOVAL - 9

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on October 9, 2024, I electronically filed the foregoing with the Clerk

3

of the Court using the CM/ECF system which will send notification of such filing to all parties or

4

their counsel of record.

5

Dated this 9th day of October, 2024.

6

*s/ Jacey Bittle*
Jacey Bittle, Legal Administrative Assistant

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7044 | Tel: 206.839.4800