HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BILLY ABREGO OLEA, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CHIPOTLE MEXICAN GRILL, INC., a foreign limited liability company; CHIPOTLE SERVICES, LLC, a foreign limited liability company; CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, a foreign limited liability company; and DOES 1-20, as yet unknown Washington entities, <br><br> Defendants. | CASE NO. 2:24-cv-01643-RAJ <br><br> ORDER |

## I.     INTRODUCTION

THIS MATTER comes before the Court *sua sponte*. As set forth below, another Court in this District has certified questions to the Washington Supreme Court that bear directly on the issues in this case. The Court therefore stays this matter until the Washington Supreme Court answers the certified questions.

## II.    BACKGROUND

On October 9, 2024, Plaintiff Billy Abrego Olea filed this state law putative class action in King County Superior Court against Defendants Chipotle Mexican Grill, Chipotle Services LLC, Chipotle Mexican Grill of Colorado, and various Doe Defendants (collectively, "Defendants" or "Chipotle") for alleged violations of the pay transparency provision of the Washington Equal Pay and Opportunities Act ("EPOA"), RCW 49.58.110. *See* Dkt. # 1-2.  This law requires employers with 15 or more employees to disclose a wage scale or salary range and a description of benefits in job postings seeking Washington workers. *See* RCW 49.58.110(1).  The parties attempted mediation, but the they indicate that those efforts have ended.  *See* Dkt. # 27.

On June 3, 2025, Plaintiff moved to remand the case to state court.  Dkt. # 25. Plaintiff contends remand is appropriate because the Complaint in this case "is virtually identical to at least eighteen others that the Court remanded for lack of an injury-in-fact under Article III," which is required to invoke subject matter jurisdiction in federal court. Dkt. # 25 at 2.

### III.   DISCUSSION

Many EPOA cases have been removed to federal court, with some remanded to state court for lack of Article III standing. *See, e.g.*, *Watson v. Deacon Constr., LLC*, No. 24-cv-82-BJR, 2024 WL 3579912 (W.D. Wash. July 30, 2024); *Atkinson v. Penney OpCo LLC*, No. 23-cv-1806-BJR, 2024 WL 3579910 (W.D. Wash. July 30, 2024). The central issue before the Court is what allegations are required for Article III standing in EPOA cases. *See generally* Dkt. # 1-2; *see* Dkt. # 25 at 3.

After review of the EPOA caselaw, the Court determines that it would be most efficient to resolve Plaintiff's Motion to Remand after the Washington Supreme Court answers pending certified questions. The Certified Question to the Washington Supreme Court is as follows:

> What must a Plaintiff prove to be deemed a "job applicant" within the meaning of RCW 49.58.110(4)? For example, must they prove that they are a "bona fide" applicant?

*Branson v. Washington Fine Wines & Spirits, LLC*, No. 24-cv-00589-JHC, 2024 WL 4510680, at *2 (W.D. Wash. Aug. 20, 2024), *certified question accepted*, 557 P.3d 253 (Wash. 2024). Further, in the briefing for the certified question, Respondent-Defendant there asked the Washington State Supreme Court also answer whether:

> a "job applicant" under the EPOA must be a person who actually applied for the job with a good faith or bona fide interest in obtaining the posted job, and such a job applicant only suffers injury-in-fact sufficient to pursue a claim for relief if they establish a form of concrete and particularized harm that is something more than the time lost submitting an application.

*Branson v. Washington Fine Wines & Spirits, LLC*, No. 1033940, Answering Br. of Respondent-Defendant at 62 (Wash. 2024).

The Court has stayed similar EPOA cases and finds that a similar approach is warranted here. *See, e.g., Rogers v. Covenant Transp. Inc et al.*, No. 24-cv-1043-RAJ (Mar. 3, 2025); *Wallace v. Marten Transp., Ltd.*, No. 24-cv-872-RAJ (April 16, 2025). The Court observes that other courts in the Western District of Washington have remanded cases despite the pending certified question to the Washington Supreme Court. *See, e.g., Dudley v. Transdev N. Am. Inc.,* No. 24-cv-00810-KKE, 2024 WL 5318337, at *1 (W.D. Wash. Dec. 12, 2024). Although the allegations here also do not state Plaintiff is a "bona fide applicant," a stay is still warranted here. As stated above, in *Branson*, the Respondent-Defendant's Answering Brief specifically raises the point that to qualify as a "job applicant" under the EPOA may require the plaintiff-applicant bringing the claims to have good faith or a bona fide intention of gaining employment. As that is an issue before the Supreme Court of Washington, the forthcoming ruling may implicate a remand decision in this case. Because the Washington Supreme Court is reviewing questions of central importance to this case, the Court considers *sua sponte* whether to stay this case pending an answer to the questions presented above.

A.      **Legal Standard**

Parties to two causes need not be same and issues need not be identical to empower court to stay proceedings in one suit to abide proceedings in the other. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A district court has discretionary power to stay proceedings in its own court. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.,* 299 U.S. at 254). A trial court may, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, "pending the resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In such cases the court may order a stay of the action pursuant to its power to control its

ORDER - 4

docket and calendar and to provide for a just determination of the cases pending before it. *Id.* Where a stay is considered pending the resolution of another action, the court need not find that the two cases possess identical issues; a finding that the issues are substantially similar is sufficient to support a stay. *See Landis*, 299 U.S. at 254.

In determining the propriety of a stay, the Court must "weigh competing interests and maintain an even balance." *Id.* at 254–55. Such balance includes consideration of the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

**B.     Analysis**

**1.     Damage from a Stay**

In considering a stay, it is possible that the parties may suffer some damage from a stay because the Washington Supreme Court's timing on answering the certified questions is unknown and resolution of all or part of the pending motion to remand relating to Plaintiff's lawsuit will be delayed in the interim. But the delay will not be indefinite because oral arguments were heard in the Washington Supreme Court on February 13, 2025. *See Washington Courts, Supreme Court- Briefs February 13, 2025*,). https://www.courts.wa.gov/appellate_trial_courts/coaBriefs/index.cfm?fa=coabriefs.searchRequest&courtId=A08 (last visited June 11, 2025). The risk of damage appears slight because the resolution of the motion to remand does not appear to be urgent. *See Leyva*, 593 F.2d at 864 ("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*,

498 F.3d 1059, 1066 (9th Cir. 2007) ("Generally, stays should not be indefinite in nature."). A stay will not cause unnecessary delay because it will avoid the danger of inconsistent results. Federal courts are bound by the decisions of a state's highest court when interpreting that state's law, *Ariz. Elec. Power Coop., Inc. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995), and "[w]hile a delay in proceedings certainly imposes some hardship on both parties, the hardship that could result from conflicting rulings would be far greater," *H Lodge LLC v. Liberty Mut. Fire Ins. Co.*, No. 21-cv-5184-BHS, 2022 WL 279070, at *4 (W.D. Wash. Jan. 31, 2022). Therefore, the Court finds only minimal possible damage from a stay.

### 2. Hardship or Inequity

Both parties may experience some hardship or inequity in being required to go forward without guidance from the Washington Supreme Court because of the danger of conflicting rulings. *See, e.g., Ten Bridges LLC v. Hofstad*, 19-cv-01134-RAJ, 2022 WL 16835841, at *3 (W.D. Wash. Nov. 9, 2022). In addition, a stay may prevent the additional, unnecessary expenditure of resources required to brief the other issues in the case. Therefore, this factor weighs in favor of a stay.

### 3. Orderly Course of Justice

The orderly course of justice strongly favors a stay, which will promote judicial economy by allowing this Court to receive guidance from the Washington Supreme Court in *Branson* before issuing further rulings on the interpretation of "job applicant" which is a key term in the EPOA. Importantly, that issue raises the same question as in *Branson*: Whether and how a Plaintiff must prove to be deemed a "job applicant" within the meaning of RCW 49.58.110(4). For example, whether they must prove that they are a "bona fide" applicant. *See* RCW 2.60.020; *see Convoyant LLC v. DeepThink, LLC,* 2022 WL 36726 (W.D. Wash. Jan. 3, 2022). Further, if the Washington Supreme Court

answers the injury-in-fact issue raised by the Respondent-Defendant, that will help this Court address the issues raised in Plaintiff's Motion.

The Washington Supreme Court's guidance on these legal issues will promote judicial economy by answering that threshold question. *See, e.g., Ten Bridges LLC*, 2022 WL 16835841, at *4 (staying case *sua sponte* pending resolution of the same legal issue pending before the Ninth Circuit). Now that the question has been certified, "[i]t would not be in the interest of judicial economy for this Court to predict how the Washington Supreme Court would rule when very soon the court will in fact rule." *Jorgensen v. Dentists Ins. Co.*, No. 22-cv-00474-BJR, 2022 WL 3204893, at *2 (W.D. Wash. July 8, 2022). This factor therefore strongly favors a stay.

In sum, the Court finds that the relevant factors favor staying this case until the Washington Supreme Court issues a decision on the pending certified questions in *Branson*.

## IV.  CONCLUSION

For the foregoing reasons, the Court STAYS this case. The Court terminates the motions pending in this case. Dkts. # 25, 27. The parties may re-file these motions following a decision from the Washington Supreme Court in the *Branson* case.

Dated this 12th day of June, 2025.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER - 7